UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ROBERT E. SPIKER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00358-JPH-DLP |
| | ) | |
| T.J. WATSON, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Dismissing Action and Directing Entry of Final Judgment**

Robert Spiker seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. His petition for a writ of habeas corpus is **denied**.

**I.**

In January 2014, in the United States District Court for the Middle District of Florida, Mr. Spiker pleaded guilty to two counts of solicitation to commit a crime of violence, in violation of 18 U.S.C. § 373, and one count of attempted murder, in violation of 18 U.S.C. § 1113. *United States v. Spiker*, 3:13-cr-00127-MEW-GRJ (M.D. Fla. 2014) ("Crim. Dkt."), dkt. 35, 37. He received an aggregate sentence of 720 months' imprisonment. Crim. Dkt. 42. The Eleventh Circuit affirmed Mr. Spiker's conviction and sentence after his appointed counsel moved to withdraw and filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). *United States v. Spiker*, No. 14-11679 (11th Cir. 2014).

In March 2016, Mr. Spiker filed an amended motion to vacate under 28 U.S.C. § 2255, which the district court denied. Crim. Dkt. 61, 63. He has now filed a § 2241 petition alleging that he received ineffective assistance of counsel during his criminal proceeding.

## II.

Mr. Spiker's habeas petition under 28 U.S.C. § 2241 is subject to preliminary review to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the *Rules Governing § 2254 Cases* (applicable to § 2241 petitions pursuant to Rule 1(b)); *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed.

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Shepherd v. Krueger*, 911 F.3d 861, 862 (7th Cir. 2018); *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015). Under very limited circumstances, however, a prisoner may employ § 2241 to challenge his federal conviction or sentence. *Webster*, 784 F.3d at 1124. This is because "[§] 2241 authorizes federal courts to issue writs of habeas corpus, but § 2255(e) makes § 2241 unavailable to a federal prisoner unless it 'appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the] detention.'" *Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018). Section 2255(e) is known as the "savings clause."

The Seventh Circuit has held that § 2255 is "'inadequate or ineffective' when it cannot be used to address novel developments in either statutory or constitutional law, whether those developments concern the conviction or the sentence." *Id.* Whether § 2255 is inadequate or ineffective "focus[es] on procedures rather than outcomes." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002).

The Seventh Circuit construed the savings clause in *In re Davenport*, holding:

> A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense.

*In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). "[S]omething more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster*, 784 F.3d at 1136.

Specifically, to fit within the savings clause following *Davenport*, a petitioner must meet three conditions: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017); *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *see also Roundtree*, 910 F.3d at 313 (acknowledging circuit split regarding *Davenport* conditions and holding that relitigation under § 2241 of a contention that was resolved in a proceeding under § 2255 is prohibited unless the law changed after the initial collateral review).

Mr. Spiker argues ineffective assistance of counsel instead of relying on cases of statutory interpretation and has not shown how a motion pursuant to § 2255 is ineffective or inadequate to address his claims of ineffective assistance of counsel. Thus, the savings clause of § 2255(e) is not implicated, and Mr. Spiker cannot seek relief under § 2241.

### III.

Mr. Spiker's § 2241 petition is dismissed with prejudice pursuant to 28 U.S.C. § 2255(e). *Prevatte v. Merlak*, 865 F.3d 894, 901 (7th Cir. 2017). Final judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 8/16/2019

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ROBERT E. SPIKER
57409-018
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808